
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATALIA BALBUENA CRUZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70890

Agency No. A208-307-452

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2020**
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Natalia Balbuena Cruz, a native and citizen of Mexico, petitions for review

of the decision by the Board of Immigration Appeals ("BIA") dismissing the

appeal of the immigration judge's ("IJ") denial of her applications for asylum,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.[1]

We cannot determine on this record whether substantial evidence supports the BIA's conclusion that Balbuena Cruz failed to establish eligibility for asylum and withholding of removal. The BIA affirmed the IJ's conclusion that Balbuena Cruz did not establish past persecution, because she failed to establish that the Mexican government was "unable or unwilling" to protect Balbuena Cruz from her husband. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062-63 (9th Cir. 2017) (en banc). In making this determination, the BIA erred by failing to address two of Balbuena Cruz's arguments. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

---

[1] Respondent's motion to strike the brief of amici curiae is denied.

First, both the IJ and the BIA assumed (without any factual findings[2]) that the social worker (or psychologist) who assisted Balbuena Cruz was employed by or associated with the Mexican government and that assistance established that the Mexican government was willing and able to protect Balbuena Cruz (despite two incidents with police officers who refused to assist her). Balbuena Cruz challenged this conclusion, claiming that the social worker was a "non-government agent." However, the BIA did not address her argument. Whether the social worker was associated with the Mexican government is essential to the conclusion that the Mexican government was able and willing to protect Balbuena Cruz from harm inflicted by her husband; thus, this is a disputed, critical fact. Therefore, the BIA erred by ignoring this argument. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) ("Where the IJ has not made a finding of fact on a disputed matter,

---

[2] Balbuena Cruz credibly testified that she went to a "clinic" in Tijuana and saw either a social worker or a psychologist; she did not provide any other information. The IJ did not make a factual finding regarding the affiliation of the social worker, only noting that the social worker was at a "local clinic." The BIA (even assuming that it could) also did not make any findings. The government's argument that the social worker's affiliation could be inferred based solely on an asylum officer's interview notes (which were not a verbatim summary) lacks merit. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005) (concluding that an asylum officer's report did not support an adverse credibility finding where there was no opportunity to review the testimony and the asylum officer did not testify).

and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own factfinding.").

Second, the IJ relied on facts from the 2016 U.S. Department of State Human Rights Reports for Mexico ("2016 Report") that outlined efforts being taken by the Mexican government to combat domestic violence.[3] Balbuena Cruz challenged the use of the 2016 Report because these government efforts (which were relied upon by the IJ in his factual findings) were implemented *after* Balbuena Cruz entered the United States. The BIA failed to address this argument; therefore, we cannot conduct a "meaningful review" of its decision. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc) ("Without knowing the basis of the [BIA's] decision, we cannot conduct a meaningful review [of it].").

---

[3] The IJ (who issued the written decision but did not preside over the hearing) used the 2016 Report to support his conclusions. The 2016 Report was not submitted by either party during the merits hearing before the prior IJ, and neither party submitted the 2016 Report to the BIA. The 2016 Report is also not part of the official administrative record before us. From the record, we cannot tell whether the BIA actually considered the 2016 Report or if it merely relied on the IJ's factual findings (which included the 2016 Report). Therefore, we are not in a position to review the 2016 Report as part of the administrative record. *Cf. Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) ("Because we are limited to reviewing the facts considered by the [BIA], we are statutorily prevented from taking judicial notice of the Country Report."); *see id*. at 964 ("We may review out-of-record evidence only where . . . the [BIA] considers the evidence . . . .").

The IJ and the BIA made the same errors in assessing Balbuena Cruz's claim for CAT relief.

Because we cannot determine on this record whether substantial evidence supports the BIA's conclusion that Balbuena Cruz failed to establish that the Mexican government would not protect her from her husband, we remand this case to the BIA, for it to reassess Balbuena Cruz's claims for asylum, withholding of removal, and relief under CAT.[4]

**PETITION FOR REVIEW GRANTED AND REMANDED.**

---

[4] Because the relevance of the 2016 Report and the affiliation of the social worker are necessary to determine past persecution, we do not reach Balbuena Cruz's other arguments.